IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| TARA VILK, | ) | CASE NO. 5:24-CV-00821-JPC |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| IS ACQUISITION, INC. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant, | ) | |

On May 8, 2024, Plaintiff Tara Vilk ("Vilk") filed a Complaint for Damages and Reinstatement against IS Acquisition, Inc. (ECF Doc. 1). On June 20, 2024, pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(a) of the Federal Rules of Civil Procedure, and Local Rule 72.1, this case was referred to me for pretrial supervision. (Non-document entry of June 20, 2024).

On September 26, 2024, the Court held a video status conference regarding Vilk's former counsel's motions to withdraw. At the hearing, I permitted counsel to withdraw and informed Vilk that she would either need to advance her case *pro se* or obtain new counsel. (*See* non-document entry of September 26, 2024). Vilk indicated during the conference she did not want to proceed *pro se* and requested 60 days to obtain new counsel, which was granted. (*Id.*). That deadline passed on November 26, 2024 with no response on the docket.

1

Vilk has since responded to my chambers via email dated December 6, 2024, and including opposing counsel, indicating that she no longer wishes to pursue her case. No activity on the case docket has occurred since my order of September 26, 2024.

I therefore recommend the District Court dismiss the case without prejudice.

Dated: December 11, 2024

Reuben J. Sheperd
United States Magistrate Judge

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific

objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).